UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-01179-CJC-SHK | Date: | March 23, 2023 |
| Title: | *Atrium Payroll Services, LLC v. PA Event Broadcasting Service, et al.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   Order Requiring Defendants to Show Cause Why They Should Not be Held in Contempt and Granting Plaintiff's Request for Sanctions

## I.   INTRODUCTION

On July 27, 2021, Plaintiff Atrium Payroll Services, LLC ("Plaintiff") filed a Notice of Motion and Motion for an Order Compelling Discovery Responses and Issuing Sanctions ("Motion to Compel" or "Mot. to Compel") against defendants PA Event and Broadcasting Service, Production Associates Inc., and De Tune Company (collectively, "Defendants") and their owner, third-party Michael Thuney ("Thuney").  Electronic Case Filing Number ("ECF No.") 20.  Defendants and Thuney failed to timely respond to the Motion to Compel—despite being ordered to do so by the Court—and failed to appear at a scheduled hearing on the matter; therefore, the Court granted Plaintiff's Motion to Compel on September 14, 2021.  See ECF Nos. 21, 23.

The same day, the Court entered an Order to Show Cause re: Contempt of Court ("OSC") ordering Defendants and Thuney to show cause by October 1, 2021 why they should not be held in civil contempt of court for failing to obey Court orders.  ECF No. 24, OSC at 1-2.  Defendants were "**warned that failure to respond [to] this Court's order may result in a recommendation to the District Judge for the granting of Plaintiff's request for sanctions.**" Id. at 2 (emphasis in original).  On September 16, 2021, the Court entered an Order Compelling Discovery Responses, ECF No. 26, and on September 22, 2021, Plaintiff filed a Proof of Service showing that the OSC and Order Compelling Discovery Responses were properly served.  ECF No. 27.  To date, Defendants and Thuney have failed to respond or appear before the Court.

Accordingly, the Court now GRANTS Plaintiff's request for sanctions, certifies the following facts, and orders Defendants and Thuney to appear before the Honorable Cormac J. Carney and show cause why they should not be held in contempt of court and fined $500 per day until they fully comply with the Court's orders.

## II.      BACKGROUND

On May 6, 2020, Plaintiff filed a Registration of Judgment from Another District ("Registration of Judgment") in which the clerk of the United States District Court for the District of Nevada certified that Plaintiff had received a default judgment in its favor in a civil case against Defendants, "jointly and severally, in the following amounts: $581,132.26 for the principal amount owing, $30,284.10 for attorneys fees, and $1,830.00 for costs." ECF No. 1, Registration of Judgment at 1-2. On May 21, 2020, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution ("Request for Writ") in which Plaintiff, as judgment creditor, represented that $5,717.50 in additional costs and interest had accrued since judgment was entered in the District of Nevada and requested that the United States Marshal for the Central District of California enforce the judgment against Defendants, as Defendants' office is located in Riverside, CA. ECF No. 6, Request for Writ at 1, 3-5. The Writ of Execution issued on May 22, 2020. ECF No. 7.

On June 5, 2020, Plaintiff filed an Application for Appearance and Examination of Third Party re: Enforcement of Judgment ("Application for Examination") seeking to examine third-party Thuney, who Plaintiff asserts is "the individual that runs Defendants/Judgment Debtors and has control and knowledge of the companies' finances." ECF No. 8, Application for Examination at 1, 3. On June 18, 2020, the Court ordered Thuney to appear before the Court to "answer concerning . . . a debt you owe" and "furnish information to aid in enforcement of a money judgment against the judgment debtor." ECF No. 13, Order to Appear for Examination of Third Person re: Enforcement of Judgment ("Order to Appear") at 1. On August 18, 2020, the Court held a judgment debtor exam as to Thuney, who appeared on his own behalf. See ECF No. 17.

On October 21, 2020, Plaintiff served its first set of interrogatories and requests for production (the "Discovery Requests"), as well as a notice of intent to serve a subpoena, on Defendants and Thuney. See ECF No. 19. Defendants did not respond to the Discovery Requests, so Plaintiff's counsel, Anne Freeland, emailed Thuney using a "current and valid email address" which she and Plaintiff "have previously used to communicate with Mr. Thuney on multiple occasions" "providing him with another copy of the Discovery Requests and requesting that he immediately respond." ECF No. 20-2, Declaration of Anne Freeland in Support of Plaintiff's Motion for an Order Compelling Discovery Responses and Issuing Sanctions ("Freeland Decl.") at 3. On March 22, 2021, Freeland sent Defendants and Thuney "additional correspondence via email and mail advising that [Plaintiff] intended to file a motion" to compel discovery responses, but again received no response. Id.

On July 27, 2021, Plaintiff filed the Motion to Compel, arguing that, inter alia, Defendants and Thuney failed to timely respond to the Discovery Requests, the Discovery

Requests were reasonable and made to aid in enforcement of the judgment, Defendants should be ordered to respond to the Discovery Requests under Federal Rule of Civil Procedure ("Rule") 37(a)(1)(B), and Defendants and Thuney should be sanctioned pursuant to Rule 37 and California Rule of Civil Procedure § 2031.300(c) for their failure to respond to discovery.  ECF No. 20, Mot. to Compel at 8-11.

Defendants and Thuney did not respond to the Motion to Compel.  The Court then ordered Defendants and Thuney to file a written response to Plaintiff's Motion to Compel by September 10, 2021 and scheduled a video hearing on the matter for September 14, 2021.  ECF No. 21.  When Defendants and Thuney failed to so respond, and failed to appear at the scheduled hearing, the Court granted Plaintiff's Motion to Compel ("Order Granting Motion to Compel") on September 14, 2021.  ECF No. 23.  The Court entered the OSC on the same day, ordering Defendants and Thuney to show cause why they should not be held in civil contempt and warning that failure to respond may result in a recommendation to the District Judge for the granting of sanctions.  ECF No. 24, OSC at 1-2.

The Court entered an Order Compelling Discovery Responses on September 16, 2021, finding, inter alia, that the Discovery Requests were "reasonable in number and scope," consisted of "requests for information and documents required to aid in enforcement of the judgment previously entered against Defendants," that "Thuney runs Defendants and has full control over the companies' finances and activities, as well as access to the companies' documents," and that Defendants and Thuney failed to timely respond to the properly served requests.  ECF No. 26, Order Compelling Discovery Responses at 2-3.  However, the Court declined to rule on the issue of sanctions in light of the separate OSC having issued.  Id. at 3.  Finally, on September 22, 2021, Plaintiff filed a Proof of Service showing that ECF Nos. 23-26 were properly served on Defendants and Thuney.  ECF No. 27.

### III.   DISCUSSION

#### A.  The Court's Contempt Authority

"The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on the other Branches."  Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 796 (1987).  Under the "well settled" standard to find a party in civil contempt:

> The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.

Fed. Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City and Cnty. of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

The intent of the disobeying party is irrelevant; "contempt need not be willful."  In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987) (citations omitted).  "There is 'no basis in law' for a 'good faith' exception to the requirement of obedience to a court

order." Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 955 (9th Cir. 2014) (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d at 1365). Civil contempt may be coercive in nature, designed to compel obedience to a court order. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983).

Under 28 U.S.C. § 636, in any case or proceeding where a Magistrate Judge has been designated by a District Judge, and an act constitutes a civil contempt, a Magistrate Judge shall:

> [F]orthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

The Magistrate Judge's role in certifying facts is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. Michelson v. Found. Fin., Inc., No. 13mc1204-CAB (MDD), 2014 WL 7366793, at *1 (S.D. Cal. Dec. 23, 2014) (citing Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987)).

### B. Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6), the Court certifies the following facts to the Honorable Cormac J. Carney.

1. On May 22, 2020, the Court entered a Writ of Execution directing the U.S. Marshal for the Central District of California to enforce a judgment entered in favor of Plaintiff against Defendants for $618,963.86. ECF No. 7.

2. On June 18, 2020, the Court entered an Order directing Thuney to appear before the Court to, inter alia, "furnish information to aid in enforcement of a money judgment against the judgment debtor." ECF No. 13, Order to Appear at 1.

3. On July 6, 2020, the Order to Appear was personally served on Thuney at 3750 Main St., Apt. 406, Riverside, CA 92501. See ECF No. 16.

4. On August 18, 2020, the Court held a judgment debtor exam as to Thuney. Anne Freeland appeared for the Judgment Creditor and Thuney appeared on his own behalf. The parties conducted the examination off the record. See ECF No. 17.

5. On October 30, 2020, Plaintiff's Discovery Requests were served via certified delivery to Defendants, c/o Michael Thuney, at 3750 Main St., Apt. 406, Riverside, CA 92501.  See ECF No. 19.

6. Following repeated attempts by Plaintiff's counsel to confer with Thuney, Plaintiff filed the Motion to Compel on July 27, 2021, seeking sanctions and an order compelling Defendants and Thuney to respond to the outstanding Discovery Requests.  See ECF No. 20, Mot. to Compel at 2-3.

7. On July 27, 2021, the Motion to Compel was served via USPS same-day prepaid mail on Defendants, c/o Michael Thuney, at 3750 Main St., Apt. 406, Riverside, CA 92501.  See id. at 4.

8. On August 30, 2021, the Court ordered Defendants and Thuney to file a written response to Plaintiff's Motion to Compel by September 10, 2021 and scheduled a video hearing on the Motion to Compel for September 14, 2021.  See ECF No. 21.

9. Defendants did not file a written response to the Motion to Compel.  No representative of Defendants or Thuney appeared at the video hearing on the Motion to Compel.  See ECF No. 23.  The Court then granted Plaintiff's Motion to Compel (but deferred its ruling with respect to sanctions).  See id.

10. On September 14, 2021, the Court entered the OSC, ordering Defendants and Thuney to show cause why they should not be held in civil contempt of court for failing to obey the Court's order requiring them to submit a response to the Motion to Compel and failing to appear at the September 14, 2021 hearing as scheduled.  See ECF No. 24, OSC at 1-2.

11. The OSC warned Defendants and Thuney that failure to respond may result in the Court recommending that Plaintiff's request for sanctions be granted.  See id. at 2.

12. The OSC was served via prepaid FedEx Overnight mail on Defendants, c/o Michael Thuney, at 3750 Main St., Apt. 406, Riverside, CA 92501 on September 17, 2021.  See ECF No. 27, at 2.  FedEx provided a confirmation receipt certifying that delivery was made to the listed address and recipient.  See id. at 2-3.

13. To date, Defendants and Thuney have not responded to the OSC.

14. On September 16, 2021, the Court entered the Order Compelling Discovery Responses, finding that the Discovery Requests were reasonable in number and scope, sought materials required to aid in enforcement of the judgment previously entered against Defendants, and were properly served on Defendants via mail to their owner and CEO, Thuney, pursuant to Rule 5(b)(2)(C).  See ECF No. 26, Order Compelling Discovery Responses at 2-3.

15. The Court ordered Defendants and Thuney to respond to the Discovery Requests within 20 days of the entry of the Order Compelling Discovery Responses.  Id. at 3.

16. The Order Compelling Discovery Responses was served via prepaid FedEx Overnight mail on Defendants, c/o Michael Thuney, at 3750 Main St., Apt. 406, Riverside, CA 92501 on September 17, 2021.  See ECF No. 27, at 2.  FedEx provided a confirmation receipt certifying that delivery was made to the listed address and recipient.  See id. at 2-3.

17. To date, Defendants and Thuney have not responded to the Order Compelling Discovery Responses.

Based on the foregoing facts, Plaintiff has established that Defendants and Thuney willfully and unambiguously failed to comply with, attend, or respond to: (1) a Court order directing Defendants and Thuney to file a response to the Motion to Compel, ECF No. 21; (2) a Court-scheduled hearing on the Motion to Compel held on September 14, 2021, see ECF No. 23; (3) the Order Granting Motion to Compel, see id.; (4) the OSC served on Defendants and Thuney on September 17, 2021, ECF Nos. 24, 27; and (5) the Order Compelling Discovery Responses, ECF No. 26.  Defendants and Thuney have offered no explanation for their repeated failures to comply, and by shirking their discovery obligations they continue to hinder the discovery necessary to execute the judgment entered in this action.

### C. **Order to Show Cause and Hearing Before Judge Carney**

Based on the foregoing certification of facts, the Court orders Defendants, Thuney, and their counsel to personally appear before Judge Carney on April 17, 2023 at 11:00 a.m. to show cause why Defendants and Thuney should not be found in contempt of court and fined $500 per day until they fully comply with the Court's Order Compelling Discovery Responses.

Although Thuney, who fully controls Defendants, appeared before the Court for a judgment debtor exam on August 18, 2020, see ECF Nos. 13 and 17, Defendants and Thuney have since failed to comply with or respond to a series of Plaintiff's requests and Court orders, dating from the Discovery Requests served on October 21, 2020, see ECF No. 19, to the OSC and Order Compelling Discovery Responses served on September 17, 2021, see ECF Nos. 24, 26-27.

**Thus, Thuney and Defendants have been in complete noncompliance with multiple Court orders for over 18 months**.  If Thuney and Defendants propound discovery in compliance with the Order Granting Motion to Compel and respond to the OSC showing cause as to why they should not be held in civil contempt of court by the April 17, 2023 hearing, they may be able to mitigate their contempt to some extent.  However, at this point Thuney and Defendants have failed to respond to the Discovery Requests in any way and are plainly violating multiple Court orders.

### D. **Sanctions are Warranted**

In the Motion to Compel, Plaintiff requests that Defendants and Thuney be sanctioned pursuant to Rule 37 and California Rule of Civil Procedure § 2031.300(c) for their failure to respond to the Discovery Requests, "the latest in a long list of actions taken by Defendants to ignore court proceedings and avoid paying the money they admit is owed to Plaintiff."  ECF No.

20, Mot. to Compel at 11.  Plaintiff asserts it has "expended a significant amount of effort and cost pursuing this judgment and seeking discovery" and therefore requests sanctions be entered against Thuney and Defendants "for the attorney fees and costs incurred by Plaintiff in bringing this [Motion to Compel]."  Id. at 11-12.  And in her declaration, Plaintiff's counsel details the efforts she made to engage with Thuney and Defendants regarding the Discovery Requests and Motion to Compel.  ECF No. 20-2, Freeland Decl. at 1-4.

Rule 37(a)(5) provides that the prevailing party on a motion to compel discovery is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except that no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).

Here, the Court finds that Plaintiff has made a good faith effort to resolve this dispute by informing Defendants and Thuney of Court orders and attempting to communicate with them on multiple occasions.  See ECF No. 20-2, Freeland Decl. at 2-4, 7, 9-10.  Defendants and Thuney have not provided any compelling justification for their failure to respond to the Discovery Requests; indeed, they have failed to provide any response whatsoever.  Relatedly, Defendants and Thuney have offered no circumstances that would make an award of expenses unjust, and the Court finds no such circumstances.  Accordingly, the Court finds that sanctions should be ordered in this case.

As for the amount Defendants and Thuney will be ordered to pay in sanctions, Plaintiff stated that its "Counsel will submit a declaration detailing the expenses incurred in bringing this motion."  ECF No. 20, Mot. to Compel at 12.  But in her declaration, Freeland does not specify the number of hours she and/or other legal counsel worked in relation to the Motion to Compel, the fees and costs Plaintiff incurred, or the exact amount, thus, that Plaintiff is seeking in sanctions.  See generally ECF No. 20-2, Freeland Decl.  The Court cannot order Defendants to pay Plaintiff's reasonable expenses and attorney's fees under Rule 37(a)(5) without a clear understanding of figures such as Plaintiff's counsel's hourly rate and hours billed in connection to the Motion to Compel.  As such, the Court directs Plaintiff to submit a declaration detailing and explaining the expenses, including attorney's fees, that Plaintiff incurred in making the Motion to Compel and setting out the exact amount Plaintiff seeks in sanctions.

## IV.     ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants, Thuney, and their counsel appear before the Honorable Cormac J. Carney in courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516 April 17, 2023 at 11:00 a.m. to show cause why Defendants and Thuney should not be held in contempt of court and fined $500 per day until they comply with the Court's previous orders.

The Court also ORDERS Plaintiff to submit a declaration detailing the expenses it incurred in connection with preparing the Motion to Compel and specifying the amount it seeks in sanctions against Defendants and Thuney.

   It is further ORDERED that Plaintiff serve this Order on Thuney and Defendants in a manner that proves the Order is received—such as, for example, service requiring acknowledgment of receipt by signature—and that Plaintiff subsequently file proof of such service with the Court.